UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No. 2:12-cr-35
                                                                HON. ROBERT J. JONKER

DOUGLAS AUGUST LEWIS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The Government alleges that Defendant Douglas August Lewis violated two conditions of his supervised release based on a positive drug test for methamphetamine. Defendant maintains that he never knowingly consumed methamphetamine. The undersigned held a hearing on this issue on August 30, 2018. For the reasons stated below, the undersigned recommends that the Court find Defendant violated the two conditions of his supervised release.

In 2013, Defendant pleaded guilty to Possession of a Firearm Following a Felony Conviction. The Court sentenced him to 46 months imprisonment and 3 years supervised release. Defendant began serving his term of supervised release in April 2016. As part of his conditions of supervised release, Defendant must participate in random drug testing. Each morning Defendant is required to call the Great Lakes Recovery Center to learn whether he needs to take a drug test that day. He is typically selected two or three times a month. These drug tests are urine tests, and Defendant is directly observed producing the urine sample. The urine sample is then sent to a United States Probation Regional Testing Facility in St. Louis, Missouri, where a preliminary screening of the sample is completed. If the sample tests "presumptively positive," it is then sent

to a national testing center—Alere Toxicology—where the lab further tests the sample using Gas Chromatography–Mass spectrometry (GC-MS) analysis.

In May 2016, Defendant tested positive for Suboxone. On August 4, 2016, the Court revoked Defendant's supervised release and sentenced him to 8 months imprisonment and 28 months supervised release. He began serving his term of supervised release in February 2017. In November 2017, Defendant tested positive for Suboxone. The Court agreed with probation's recommendation for no action. In December 2017, Defendant admitted to consuming alcohol. Again, the Court agreed with probation's recommendation for no action.

On April 3, 2018, Defendant was selected for a random drug test, and the sample tested presumptively positive for methamphetamine. The sample was then sent to Alere Toxicology, where it was confirmed to be positive for methamphetamine. After the results were confirmed, a probation officer confronted Defendant regarding the failed drug test. Defendant denied knowingly using methamphetamine. When the probation officer questioned how methamphetamine could be in his system, Defendant said that the only plausible explanation was that he took a herbal supplement that a friend gave him. At the August 30, 2018 hearing, Defendant chose not to identify the friend who allegedly gave him the herbal supplement.

On May 8, 2018, Defendant's probation officer filed a petition to revoke his supervised release, alleging that Defendant violated the following conditions:

> The defendant shall not commit another federal, state or local crime.
>
> [T]he defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician[.]

(ECF No. 37).

In order to revoke supervised release, the district court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997).

At the hearing, the probation officer testified to the "rigorous" policy to ensure accurate test results. Defendant does not challenge the accuracy of the results. Instead, Defendant argues that he never knowingly took methamphetamine.

In *United States v. Pratt*, 297 F. App'x 475, 477 (6th Cir. 2008), the district court addressed a similar situation—whether the defendant violated his conditions of release because he failed a drug test. In that case, the defendant tested positive for cocaine, but he claimed that the positive test was caused by someone spiking his drink. *Id.* Despite Defendant's contention, the district court determined that the defendant violated his conditions of supervised release because he possessed and used an illegal substance. *Id.* In finding that the district court's ruling was not clearly erroneous, the Sixth Circuit stated that the defendant's "excuse for the positive test, that someone had spiked his drink, was not believable." *Id.*

In this case, the undersigned finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing and using methamphetamine. It is undisputed that Defendant tested positive for methamphetamine. In addition, Defendant has an extensive history of drug abuse. He began using alcohol and marijuana at the age of 13, cocaine at age 17, and opiates at age 19. His prior felony convictions in state court involved controlled substances. His supervised release was previously revoked for failing a drug test. He has received both inpatient and outpatient treatment for his drug addictions and continues to receive treatment today. Defendant states that an herbal supplement may have caused the positive drug test, but he was unable and/or unwilling to offer any further information about the

herbal supplements and who supplied them. Similar to the excuse in *Pratt*, Defendant's excuse is not believable.

Accordingly, the undersigned recommends that the Court find Defendant violated the two conditions of his supervised release.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 5, 2018

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE